UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERTA CASTRONOVO<br><br>Plaintiff,<br><br>-v-<br><br>PHOENIX FINANCIAL SERVICES LLC<br><br>Defendant. | CASE NO.: 1:18-cv-01844<br><br>JUDGE:<br><br>COMPLAINT<br>JURY DEMAND ENDORSED HEREON |

Plaintiff, Roberta Castronovo, for her complaint against Phoenix Financial Services LLC ("Defendant"), states as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. §§ 24-5-0.5 *et seq.* ("IDCSA"), for Defendant's unlawful collection practices as described more fully in this complaint.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Southern District of Indiana and the events and/or omissions giving rise to the claims made herein occurred within the Southern District of Indiana.

PARTIES

4. Plaintiff, Roberta Castonovo ("Ms. Castronovo"), is a natural adult person currently residing in San Tan Valley, Arizona, having recently moved there from Beecher, Illinois.

5. Ms. Castronovo is a "consumer" as defined by § 1692a(3) of the FDCPA.

6. Ms. Castronovo is a "person" as defined by § 24-5-0.5-2(a)(2) of the IDCSA.

7. Defendant, Phoenix Financial Services, LLC, is an Indiana limited liability company in the business of collecting consumer debts on behalf of others within the State of Indiana and throughout the United States. As such, Defendant regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

8. In its correspondences to consumers, Defendant identifies itself as a "debt collector."

9. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

10. Defendant is a "supplier" as that term is defined by § 24-5-0.5-2(a)(3) of the IDCSA.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

12. Ms. Castronovo's declining health has prevented her from working, and she is currently in the process of filing for Social Security disability benefits.

13. Due to her poor health and limited income, Ms. Castronovo has fallen behind on some of her financial obligations, including a medical debt originally owed to *EPMG of Indiana, PC* (the "Subject Debt").

14. Following default, the Subject Debt was sold, assigned and/or transferred to Defendant for collection.

15. On or around December 8, 2017, Defendant mailed a dunning correspondence to Ms. Castronovo attempting to collect the Subject Debt. A copy of the correspondence is attached to this complaint as Exhibit A (the "Collection Letter").

16. The Collection Letter was the initial communication Ms. Castronovo received from Defendant concerning the Subject Debt.

17. As the initial communication concerning the Subject Debt, the Collection Letter contained the requisite debt verification rights notice, disclosed by Defendant to Ms. Castronovo pursuant to 15 U.S.C. § 1692g (the "G-Notice"). *See* Exhibit A.

18. Despite containing the G-Notice, the Collection Letter demanded immediate payment from Ms. Castronovo by stating, *inter alia*: "Please remit the full balance(s);" and "***PLEASE DETACH BOTTOM PORTION AND RETURN WITH PAYMENT***." *See* Exhibit A.

19. A detachable payment coupon was included, forming the bottom portion of the Collection Letter, and a return envelope was also enclosed with the Collection Letter. *See* Exhibit A.

20. Defendant's demand for immediate payment from Ms. Castronovo within the Collection Letter overshadowed its disclosure of the G-Notice to her.

21. Confused and concerned after receiving the Collection Letter, Ms. Castronovo spoke to her attorneys for assistance and clarification regarding her rights.

## DAMAGES

22. Ms. Castronovo was misled by the Collection Letter.

23. Ms. Castronovo justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from her using abusive, deceptive and unlawful means, and ultimately cause her unwarranted economic harm.

24. Due to Defendant's conduct, Ms. Castronovo was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

25. After a reasonable time to conduct discovery, Ms. Castronovo believes she can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

26. Due to Defendant's conduct, Ms. Castronovo is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described in this complaint.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(10), f and g(b)*

27. All prior paragraphs are incorporated into this count by reference.

28. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

> "Collection activities and communications that do not otherwise violate this title may continue during the thirty-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the thirty-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

29. Defendant violated 15 U.S.C. §§ 1692e, e(10), f and g(b) in sending the Collection Letter to Plaintiff. By demanding immediate payment from Plaintiff within the Collection Letter, Defendant's collection activity was inconsistent with, and overshadowed, Plaintiff's rights under the FDCPA. As such, Defendant used abusive, deceptive and unfair means in connection with its collection of the Subject Debt.

30. As Plaintiff had no prior contractual relationship or dealings with Defendant whatsoever, Plaintiff was justifiably confused and skeptical of the collection communications in relation to her rights under § 1692(g) of the FDCPA.

31. As an experienced debt collector, Defendant knows that its representations to consumers concerning their rights under the FDCPA are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive. Defendant also knows that it must afford each consumer an opportunity to exercise his or her debt verification rights within the allotted thirty (30) day time period without excessive or inconsistent collection activity or communication with the consumer.

32. As set forth in paragraphs 22 through 26 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described in this complaint.

COUNT II
VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT
*I.C. §§ 24-5-0.5-3(a) and (b)(20)*

33. All prior paragraphs are incorporated into this count by reference.

34. The IDCSA states, in relevant part:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. § 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)." I.C. § 24-5-0.5-3(b)(20).

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. § 24-5-0.5-4(a)(1)(2).

35. Defendant's collection activity in connection with the Subject Debt is a "consumer transaction" as that term is defined by the IDCSA at I.C. § 24-5-0.5-2(a)(1)(C).

36. Defendant engaged in unfair, abusive, and deceptive conduct in its transactions with Plaintiff, in violation of I.C. §§ 24-5-0.5-3(a) and (b)(20), by, *inter alia*, demanding immediate payment from Plaintiff simultaneously with its G-Notice disclosure to Plaintiff, ultimately overshadowing, and acting inconsistently to, Plaintiff's rights under the FDCPA.

37. Defendant intended that Plaintiff rely on its unlawful communications in order to procure immediate payment of the Subject Debt and/or prevent Plaintiff from exercising her rights. As such, Defendant committed a "willful deceptive act" as that term is used and/or contemplated within the IDCSA.

38. As set forth in paragraphs 22 through 26 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

39. Plaintiff is therefore entitled to relief pursuant to I.C. § 24-5-0.5-4(a)(1)(2).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Roberta Castronovo, respectfully requests that this Court enter judgment in her favor as follows:

A. Awarding Plaintiff actual damages, in amounts to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1) and I.C. § 24-5-0.5-4(a)(1)(2);

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff statutory damages, in an amount to be determined at trial, as provided under I.C. § 24-5-0.5-4(a)(1)(2);

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

E. Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 17th day of June, 2018.                Respectfully Submitted,

  /s/ Geoff B. McCarrell
Geoff B. McCarrell #0086427
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com

*Counsel for Plaintiff*

JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

  /s/ Geoff B. McCarrell
Geoff B. McCarrell #0086427
CONSUMER LAW PARTNERS, LLC