UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERTA CASTRONOVO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-01844-JPH-DLP |
| PHOENIX FINANCIAL SERVICES LLC, | ) ) ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Roberta Castronovo believes that Phoenix Financial Services, LLC engaged in unlawful collection practices when it sent her a letter attempting to collect a debt. Phoenix claims that her complaint should be dismissed because the language of the collection letter would not confuse an objective "unsophisticated consumer." Dkt. [14]. Finding that Phoenix's letter would not confuse a significant fraction of the population, the Court now **GRANTS** Phoenix's motion to dismiss.

I.
**Facts and Background**

Because Phoenix has moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

After Ms. Castronovo fell behind on medical debt owed to EPMG of Indiana, Phoenix began collection attempts. Dkt. 1 ¶ 14. On December 8, 2017, Phoenix sent Ms. Castronovo a letter attempting to collect on the debt. *Id.* ¶ 15.

1

The letter said:

> This notice is from a debt collector. This is an attempt to collect a debt and any information obtained will be used to collect the debt. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office, in writing, within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Dkt. 1-1.

In the same size font, the letter also said: "Please remit the full balance(s)," and "PLEASE DETACH BOTTOM PORTION AND RETURN WITH PAYMENT." *Id.* A detachable payment coupon and a return envelope for submitting payment accompanied the letter. *Id.*

Ms. Castronovo filed a complaint against Phoenix alleging that the letter violated the Fair Debt Collection Practices Act ("FDCPA") and the Indiana Deceptive Consumer Sales Act ("IDCSA") by misleadingly or deceptively demanding the debt's immediate payment. Phoenix moved to dismiss both counts. Dkt. 13.

## II.
## Applicable Law

A defendant may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. Pro. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley, 671 F.3d at 616*.

### III.
### Analysis

Congress passed the Fair Debt Collection Practices Act "to curb abusive methods of debt collection." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 643–44 (7th Cir. 2009). The statute requires a "written notice" either sent "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt" or "contained in the initial communication" itself. 15 U.S.C. § 1692g(a). That written notice must include, among other things, "the amount of the debt," "the name of the creditor to whom the debt is owed," and a notice that the debtor has thirty days to contest the debt's validity. *Id.* During that thirty-day period, "[a]ny collection activities and communication . . . may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

"Although the word 'confusing' does not appear" in section 1692g, "[o]vershadowing" means "obscuring or confusing"—and the Seventh Circuit has "interpreted the FDCPA to prohibit confusing presentations." *O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 343 (7th Cir. 2018) (citations and quotations omitted). So the question is whether the letter was confusing—and thus overshadowed the required disclosure.

Phoenix argues that the letter's debt-collection language did not overshadow its consumer-rights disclosure because it did not demand immediate payment or set time limits on when Ms. Castronovo must pay the debt. Dkt. 14 at 6-12. Ms. Castronovo responds that the letter confusingly gave the impression that immediate payment was required, which in turn overshadowed the disclosure. Dkt. 20 at 8.

Whether the letter's debt-collection language overshadowed its 1692g disclosure is judged by the "unsophisticated consumer" test. *Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 635 (7th Cir. 2012). The "unsophisticated consumer," however, is not the "least sophisticated consumer." *O'Boyle*, 910 F.3d at 344. Instead, the test objectively looks to an "uninformed, naïve, and trusting" individual with "rudimentary knowledge about the financial world" and the ability to make "basic logical deductions and inferences." *Id.* With these factors in mind, the Court asks "whether someone of modest education and limited commercial savvy would likely be deceived by the letter." *Id.*

Typically, deciding whether a letter is likely to confuse an unsophisticated consumer is a task for the jury. See *Zemeckis*, 679 F.3d at 636. Therefore, "a district court must tread carefully before holding that a letter is not confusing as a matter of law," because judges are poor proxies for unsophisticated debtors. *McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 759 (7th Cir. 2006). Nevertheless, "if it is 'apparent from a reading of the letter that not even a significant fraction of the population would be misled by it,' then plaintiff fails to state a claim and dismissal is appropriate." *O'Boyle*, 910 F.3d at 342 (affirming dismissal) (quoting *Zemeckis*, 679 F.3d at 636).

A letter may be confusing if it "both demands payment within thirty days and explains the consumer's right to demand verification within thirty days" without explaining how those deadlines fit together. *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997) (collecting cases). For example, a letter is confusing if it says that the debtor has thirty days to contest the debt but then demands payment within ten days. *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996). Similarly, a letter is confusing if it explains the thirty-day window but demands "immediate" payment. *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 502 (7th Cir. 1999); *see also Bartlett*, 128 F.3d at 500 (letter demanding action "within one week"); *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 518 (7th Cir. 1997) (letter with thirty-day payment requirement). To an unsophisticated consumer, these statements contradict each other, making the letter confusing.

But a collection letter is not confusing if it asks for payment without imposing deadlines that contradict the thirty-day window. For example, in

5

*Chuway v. Nat'l Action Fin. Servs., Inc.*, the court stated in dicta that a collection letter merely asking a debtor to "please remit the balance listed above in the return envelope provided" would not violate the FDCPA. 362 F.3d 944, 947 (7th Cir. 2004) (holding that the letter was confusing because the balance was not clearly stated). Other courts have similarly held that merely asking debtors to "remit the balance" of the debt is not confusing. *E.g. Nadborski v. Receivable Mgmt. Serv. Corp.*, No. 19-cv-5205, 2018 WL 5884526, at *1 (N.D. Ill. Nov. 8, 2018); *Gammon v. Joseph H. Belzer, P.A.*, No. 96-c-5936, 1997 WL 189291, at *1 (N.D. Ill. Apr. 11, 1997). Unlike a letter that says a debtor has thirty days to contest a debt but demands payment in less than thirty days, *see, e.g.*, *Avila*, 84 F.3d at 226, a letter asking a debtor to remit payment does not contradict the thirty-day validation window and therefore is not confusing, *see Chuway*, 362 F.3d at 947.

Here, the collection letter was not misleading because nothing in the letter contradicted the thirty-day validation period. The letter plainly stated—in the same size font as the surrounding text—that Ms. Castronovo had thirty days to contest the validity of the debt. Dkt. 1-1. The letter then asked Ms. Castronovo to "remit the full balance" of the debt. *Id.* These two statements do not contradict each other nor are they confusing. Since the letter provided the required notice of the thirty-day window and did not demand payment before thirty days, not even a significant fraction of the population would believe that the debtor did not have thirty days to contest the debt.

To hold otherwise would conflict with a creditor's right to seek payment of a debt under the FDCPA. Debt collectors may attempt to collect debts, and may even sue the debtor, before the thirty-day window closes. *Bartlett*, 128 F.3d at 501. The thirty-day validation period is not a "grace period" that protects a debtor from collection efforts; rather, during this period "the debtor's right to dispute coexists with the debt collector's right to collect." *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 416 (7th Cir. 2005). Prohibiting creditors from sending letters asking a debtor to remit payment would effectively create a grace period for collections that does not exist under the FDCPA.

In short, Phoenix's letter "did not impose a deadline that contradicted [Ms. Castronovo's] right to a thirty-day validation period." *Zemeckis*, 679 F.3d at 636. Any attempt to rush payment was puffery that does not violate section 1692g because "[e]ven the most unsophisticated debtor would realize that debt collectors wish to expedite payment." *Id.*[1]

As for Ms. Castronovo's IDCSA claim, she admits in her response that the complaint insufficiently pleads it, dkt. 20 at 9, so it also must be dismissed.

---

[1] Ms. Castronovo also argues that the letter violated sections 1692e and 1692f of the FDCPA. On a motion to dismiss, courts consider claims under these statutes using the same standard. *McMillan*, 455 F.3d 754 at 759 (stating that the court "cannot accept the district court's view that claims brought under § 1692e or § 1692f are different from claims brought under § 1692g for purposes of Rule 12(b)(6) analysis."). Whether brought under 1692e, 1692f, or 1692g, the analysis "is basically the same: it requires a fact-bound determination of how an unsophisticated consumer would perceive the letter." *Id.* Because the letter did not violate 1692g, it also did not violate section 1692e or 1692f.

7

# IV.
# Conclusion

Phoenix's motion to dismiss is **GRANTED**. Dkt. [13]. Since the Court resolves this motion as a matter of law, oral argument is unnecessary. Ms. Castronovo's complaint may be amended "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Any leave to amend must be sought by **July 8, 2019**. *See generally id.*; S.D. Ind. L.R. 15-1. If leave to amend is not sought or is denied, the Court will dismiss this case with prejudice. See *St. John v. Cach, LLC,* 822 F.3d 388, 392 (7th Cir. 2016).

**SO ORDERED.**

Date: 6/7/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

David S. Klain
CONSUMER LAW PARTNERS, LLC
davidklain@aol.com

Morgan I. Marcus
SESSIONS FISHMAN NATHAN & ISRAEL LLC
mmarcus@sessions.legal

Geoffrey B. McCarrell
CONSUMER LAW PARTNERS, LLC
geoff.m@consumerlawpartners.com

James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLP
jschultz@sessions.legal